# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY ROBERT RODRIQUEZ,<br><br>　　　　Movant,<br><br>　　v.<br><br>SOCIAL SECURITY ADMINISTRATION, OFFICE OF THE INSPECTOR GENERAL,<br><br>　　　　Respondent. | **14-mc-0006 GSA**<br><br>**ORDER DENYING MOTION FOR ORDER PURSUANT TO CUSTOMER CHALLENGE PROVISIONS OF THE RIGHT TO PRIVACY ACT OF 1978**<br><br>**(Doc. 1)** |

## **INTRODUCTION**

This is a miscellaneous action filed by Movant Jerry Robert Rodriquez ("Movant") challenging the Respondent, Social Security Administration, Office of the Inspector General's ("Social Security Administration," "OIG," or "Respondent") attempt to obtain access to his financial records from the California Public Employees Retirement System ("CalPERS"). Before the Court are: 1) the movant's Motion for Order Pursuant to the Right to Financial Privacy Act of

1

1978, 12 U.S.C. § 3401 *et seq* ("RFPA") (Doc. 1), and 2) the Social Security Administration's Opposition and Affidavit. (Doc. 5). Upon a review of the pleadings, the Movant's motion is DENIED.

## **RELEVANT BACKGROUND**

The Movant seeks an order quashing a subpoena duces tecum served by the Social Security Administration which seeks to obtain all documents related to the Movant's CalPERS accounts from January 1, 2008 to the present. (Doc. 1, pg. 4). In support of the request, the movant has submitted a sworn statement objecting to the subpoena stating the following :

> Your request regarding your investigation is very vague and I am not about to allow my financial records to be accessed on a vague request. I don't believe I have committed any fraud or received any Social Security benefits improperly.
> (Doc. 1, pg. 2).

In its opposition, OIG argues that the request is not vague, that the subpoena was issued based on a legitimate law enforcement inquiry, and that documents sought are relevant to that inquiry. Specifically, OIG contends that the agency is investigating the overpayment of benefits to Pauline Fuentes Rodriquez, the Movant's wife, who has received Supplemental Security Income ("SSI") benefits since 1992. In November 2013, Mrs. Rodriquez completed a renewal of eligibility form in which she allegedly concealed the fact that she was married. Recently, OIG obtained a joint bankruptcy petition that Mr. and Mrs. Rodriquez filed in October 2013, indicating that Mr. Rodriquez reported more than $150,000 in income from 2011-2013. The Respondent contends that Mrs. Rodriquez was required to report this information on her renewal of eligibility form. Instead, Mrs. Rodriquez stated she had no resources, and failed to report her husband's income. The Social Security Administration contacted Mr. Rodriquez, who confirmed he was married to Pauline Fuentes Rodriquez since at least 2007.   The Social Security Administration contends that this information suggests that Mrs. Rodriquez has received significant SSI

overpayments for the past several years.  Accordingly, OIG has requested the documents in the subpoena as part of its law enforcement investigation.

## **LEGAL STANDARD**

As a general matter, the RFPA permits challenges by customers of financial institutions to government subpoenas.  See, 12 U.S.C. § 3410(a).  The RFPA was enacted by congress in response to the United States Supreme Court's ruling in *United States v. Miller*, 425 U.S. 435 (1976) wherein the Court held that bank customers had no Fourth Amendment right to privacy for financial information held by financial institutions.  *Rosiere v. United States Securities and Exchange Commission*, 2010 WL 489526 (D. Nev. 2010).  These challenge procedures constitute the sole judicial remedy available to customers who oppose the disclosure of their financial records pursuant to the RFPA. 12 U.S.C. § 3401 *et seq*., 12 U.S.C. § 3410(e).

Pursuant to 12 U.S.C. § 3410(a), a customer of a financial institution "may file a motion to quash an administrative summons or judicial subp[o]ena, or an application to enjoin a Government authority from obtaining financial records pursuant to a formal written request" within "ten days of service or within fourteen days of mailing" of said summons or subpoena, with "copies served upon the Government authority."[1]  The Supreme Court has held that "[a] customer's ability to challenge a subpoena is cabined by strict procedural requirements." *S.E.C. v. Jerry T. O'Brien, Inc.*, 467 U.S. 735, 745 (1984).

If the court finds that the customer has complied with section 3410(a), it shall order the Government authority to file a sworn response, and the response may be filed in camera, provided the Government furnishes the reasons which make such review appropriate. 12 U.S.C. § 3410(b). See *Thomas v. U.S. Dept. of Homeland Sec.*,  876 F.Supp.2d 1, 5 - 6 (D.D.C., 2012).  The court

---

[1] Pursuant to 12 U.S.C. § 3401(5), " 'customer' means any person or authorized representative of that person who utilized or is utilizing any service of a financial institution, or for whom a financial institution is acting or has acted as a fiduciary, in relation to an account maintained in the person's name[.]" 12 U.S.C. § 3401(5).

shall deny the motion or application if it "finds that there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry[.]" 12 U.S.C. § 3410(c). There are only three grounds on which a district court may quash a subpoena: "(1) the agency's inquiry is not a legitimate law enforcement inquiry[;] (2) the records requested are not relevant to the agency's inquiry[;] or (3) the agency has not substantially complied with the RFPA." *Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd.*, 878 F.2d 875, 882 (5th Cir.1989); See also *In re Bank United F.S.B. (10061) Coral Gables, Fla.*, 2012 WL 1225931, at *4 (N.D. Cal. April 11, 2011) (The movant bears the burden of proving that the subpoena is overbroad or otherwise not in accordance with the requirements of the RFPA.); *Nimmer v. Securities and Exchange Commission*, 2011 WL 3156791 at *1 (D. Neb. July 26, 2011) ("The customer must state either the reasons the financial records are not relevant to a legitimate law enforcement inquiry, or that the Government authority has not substantially complied with the RFPA.") (citing 12 U.S.C. § 3410); See also 12 U.S.C. § 3405.

## **DISCUSSION**

As a preliminary matter, the Court has concerns that the Movant's motion does not sufficiently meet the necessary criteria pursuant to 12 U.S.C. § 3401(a), as the sworn statement is very general and conclusory. Notwithstanding the above, the Court ordered that the Social Security Administration respond to the motion pursuant to 12 U.S.C. § 3410(b), and it has timely done so.

The gist of the Movant's argument is that the request for documents is vague and that the has not received any overpayment of benefits. The Court must deny the instant motion if: 1) there is a demonstrable reason to believe that the law enforcement inquiry is legitimate, and 2) the records sought are relevant to that inquiry. The showing of relevance need not be substantial and any records that "touch on a matter under investigation" are considered relevant. See *Sandsend*

*Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd*., 878 F.2d at 882.

With respect to the first prong of the analysis, a review of the government's submission demonstrates that a legitimate law enforcement inquiry exists. The customer notice the Movant received from the government advises him that the documents are requested "to aid in an investigation concerning the possible fraudulent or otherwise improper receipt and/or use of Social Security benefits." (Doc. 1, pg. 10). In this case, the Social Security has demonstrated that the Movant's wife may not have reported the Movant's income which could have resulted in an overpayment of SSI benefits. Although the Movant himself is not alleged to have received the payments, his wife was required to certify her income and marital status as part of her application, and the Movant's income may affect the amount of SSI benefits his wife is eligible to receive. *See*, Declaration of the Eric Owen dated June 16, 2014, at ¶ 3 (Doc. 5-1, pg. 1) and 20 C.F.R. §§ 4161160 through 416.1169. Accordingly, the agency is entitled to determine what income the Movant may have received in the years in question as part of its investigation.

With respect to relevancy, the Movant bears the initial burden of showing that the documents sought are not relevant. See *Davidov v. Sec. & Exch. Comm'n,* 415 F.Supp. 2d 386, 391 (S.D.N.Y.2006). If that burden is satisfied, the Social Security Administration must show only that there is a reasonable belief that the records are relevant. *Id*. ("What need be shown is not probable cause, but good reason to investigate.)" (citation and internal quotation marks omitted)). Here, the movant only makes conclusory statements that the information requested is vague and that he has not received improperly received any Social Security benefits. However, these statements alone are not sufficient. The Court has reviewed the subpoena, as well as the basis for the subpoenaed documents, and finds that the requests are relevant to a legitimate law enforcement inquiry. Accordingly, the agency is entitled to determine what income the Movant may have received in the years in question. The Court also finds that the agency has complied

with the RFPA.  Accordingly, the Movant's Motion for an Order Pursuant to the Right to Financial Privacy Act is DENIED.

IT IS SO ORDERED.

Dated: **June 30, 2014**                              **/s/ Gary S. Austin**
                                                                             UNITED STATES MAGISTRATE JUDGE